**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HUGO LIONEL SANCHEZ-RAMOS, : | **Hon. Renée Marie Bumb** |
| Petitioner, : | Civil No. 10-2680 (RMB) |
| v. : | |
| DONNA ZICKEFOOSE, et al., : | **OPINION** |
| Respondents. : | |

**APPEARANCES**:

    HUGO LIONEL SANCHEZ-RAMOS, #20937-038
    FCI Fort Dix
    P.O. 2000
    Fort Dix, NJ 08640
    Petitioner Pro Se

**BUMB, District Judge**

Hugo Lionel Sanchez-Ramos, a federal prisoner confined at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on August 11, 1998, by the United States District Court for the District of Puerto Rico. This Court dismissed the Petition for lack of jurisdiction. Before the Court is Petitioner's "Objection and Refusal for Cause of "Order" dated January 14, 2011 issued by Renée Marie Bumb (FRCP 62), Motion to Vacate "Order" dated January 14, 2011 as VOID (FRCP 60, and FRE 601, 602 and 605), and Motion for Production of Separate Finding of Facts (FRCP 52) and Motion for

Additional Relief." (Docket Entry #11.) For the reasons expressed below, this Court will deny Petitioner's motion.

## I. BACKGROUND

In the Petition, Petitioner challenged his incarceration pursuant to an aggregate 360-month term of imprisonment imposed by judgment entered August 11, 1998, based on his plea of guilty to taking money by force and violence which was in the custody of Banco Popular de Puerto Rico and in committing such offense or avoiding or attempting to avoid apprehension, assaulting and causing the death of Angel Garcia Beltran by the use of firearms (count one) and aiding and abetting in the carrying and user of firearms during and in relation to a crime of violence (count two). See United States v. Sanchez-Ramos, Crim. No. 96-0001-PG-1 (D. P.R. filed Jan. 3, 1996). The Court of appeals dismissed Petitioner's direct appeal on February 19, 2002.

On July 13, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, asserting that counsel was ineffective for several reasons. See Sanchez-Ramos v. United States, Civ. No. 05-2268 (PG) report & recommendation (D.P.R. Mar. 6, 2006). By order entered April 18, 2006, Judge Juan M. Perez-Gimenez adopted the report and recommendation and dismissed the motion as barred by the one-year statute of limitations.

Petitioner filed the § 2241 Petition in this Court on May 20, 2010. (Docket Entry #1-1.) The Petition raised the

following grounds: (1) the authority and/or jurisdiction to imprison Petitioner has been terminated by action of Ellen Fine Levine, offsetting and discharging all debts associated with Petitioner's prison account; (2) the judgment of conviction was issued in violation of due process because the indictment was not signed by any grand jury foreman or United States Attorney, Petitioner had no opportunity to challenge the qualification of members of the grand jury, no valid bill of indictment was presented to Petitioner establishing a charge, the indictment did not identify any statute, regulation or rule establishing any duty of Petitioner to any act of legislative authority of the United States, the United States of America lacks legal standing to sue, no evidence shows that the party named in the judgment of conviction is Petitioner, United States failed to exhaust administrative remedies, the judgment of conviction was not properly authenticated; (3) the judgment of conviction is a nullity as the superceding indictment was not lawfully issued, United States lacks subject matter and territorial jurisdiction, the United States District Court for the District of Puerto Rico is not an Article III court and lacks personal and subject matter jurisdiction to hear any case against Petitioner. (Id., pp. 3-7.)

By Order and Opinion entered January 14, 2011, this Court dismissed the Petition for lack of jurisdiction under § 2241

because a § 2255 motion was not an inadequate or ineffective remedy.  (Docket Entry Nos. 9, 10.)

On February 3, 2011, Petitioner filed the motion presently before this Court, which he labeled "Objection and Refusal for Cause of "Order" dated January 14, 2011 issued by Renée Marie Bumb (FRCP 62), Motion to Vacate "Order" dated January 14, 2011 as VOID (FRCP 60, and FRE 601, 602 and 605), and Motion for Production of Separate Finding of Facts (FRCP 52) and Motion for Additional Relief."  (Docket Entry #11.)

## I.  DISCUSSION

Petitioner contends that the Order of dismissal is void because it was issued in violation of due process of law:

> a) [The Court] failed to Order responding party(s) respond and file a motion to dismiss for want of jurisdiction or the presiding judge . . . failed to file a motion su[a] sponte to dismiss for want of jurisdiction thereby affording the moving party the due process right of Notice and Opportunity to Respond.
>
> b) The "Order" . . . was factually baseless and based solely on legal conclusions and opinions and completely devoid of any separate finding of facts (FRCP 52), which denies the Moving Party's Substantial Right to due process for review, by being devoid of the essentials necessary for review.
>
> c) The "Order" . . . was issued without any evidence of Respondent(s) having provided any Reply, Rebuttal or Response which controverted the facts already submitted as a matter of record.
>
> d) The "Order" . . . failed to address the issue regarding Ground 1, and how said issues factually fail to render Grounds 2, and 3 moot.

>     e) The "Order" . . . was issued, filed and served
>     without first being authenticated by the Clerk of the
>     Court by the Clerk's signature and the impressed seal
>     of the Court as mandated by the Act of Congress quoted
>     at Title 28, U.S.C. § 1691 and Title 1, U.S.C. § 144.

(Docket Entry #11, pp. 4-5.)

In Grounds (a) and (c), Petitioner argues that this Court's <u>sua sponte</u> dismissal of the Petition for lack of jurisdiction without ordering an answer or giving him the opportunity to respond, violates due process.  However, federal courts are obliged to <u>sua sponte</u> consider jurisdiction.  <u>See</u> <u>Mt. Healthy City Bd. of Ed. v. Doyle</u>, 429 U.S. 274, 278-79 (1977); <u>Liberty Mutual Ins. Co. v. Wetzel</u>, 424 U.S. 737, 739 (1976).  And Habeas Rule 4 requires a district court to <u>sua sponte</u> dismiss a habeas petition (without an answer or notice to petitioner) if it plainly appears from the face of the petition that the petitioner is not entitled to relief:

>     The Clerk must promptly forward the petition to a judge
>     under the court's assignment procedure, and the judge
>     must promptly examine it.  If it plainly appears from
>     the petition and any attached exhibits that the
>     petitioner is not entitled to relief in the district
>     court, the judge must dismiss the petition and direct
>     the clerk to notify the petitioner.  If the petition is
>     not dismissed, the judge must order the respondent to
>     file an answer, motion, or other response within a
>     fixed time, or to take other action the judge may order
>     . . .

28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions pursuant to Rule 1(b).  Thus, dismissal of the Petition without notice or

5

an answer does not violate Petitioner's due process rights or provide a ground for vacating the Order.

In Ground (b), Petitioner argues that this Court improperly dismissed the Petition without making findings of fact, as required by Rule 52. Rule 52(a)(1) provides: "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). However, because this Court did not conduct a trial, Rule 52(a)(1) does not require findings of fact. Moreover, this Court may take judicial notice of prior judicial opinions, see <u>McTernan v. City of York, Penn.</u>, 577 F.3d 521 (3d Cir. 2009), and this Court's Order is not devoid of the essentials necessary for review.

In Ground (d), Petitioner argues that this Court improperly failed to address the merits of the grounds raised in the Petition. However, this Court lacked jurisdiction to entertain the merits of the grounds.

In Ground (e), Petitioner argues that the Order is void because the Clerk did not authenticate it, as required by 28 U.S.C. § 1691. Section 1691 provides: "All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." 28 U.S.C. § 1691. Since this Court's orders did not issue a writ or issue process,

§ 1691 does not apply.  Petitioner also cites 1 U.S.C. § 144, but no such statute exists.

Based on the foregoing, this Court will deny Petitioner's "Objection and Refusal for Cause of "Order" dated January 14, 2011 issued by Renée Marie Bumb (FRCP 62), Motion to Vacate "Order" dated January 14, 2011 as VOID (FRCP 60, and FRE 601, 602 and 605), and Motion for Production of Separate Finding of Facts (FRCP 52) and Motion for Additional Relief."  (Docket Entry #11.)

## II.  CONCLUSION

The Court will deny Petitioner's motion.

        s/Renée Marie Bumb
        **RENÉE MARIE BUMB**
        **United States District Judge**

Dated: April 4, 2011